629 P.2d 562

**CASITA DE CASTILIAN, INC., an Arizona Corporation, Plaintiff/Appellee,**

v.

**Kenneth K. KAMRATH and Mary Elizabeth Kamrath, husband and wife, Defendants/Appellants.**

No. 2 CA–CIV 3815.

Court of Appeals of Arizona, Division 2.

April 7, 1981.

Rehearing Denied May 13, 1981.

Review Denied June 16, 1981.

Zipf & Henderson by Scott L. Taylor, Tucson, for plaintiff/appellee.

Norris L. Ganson, Tucson, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

Pursuant to A.R.S. § 33–551, et seq. a horizontal property regime (condominium) was created. Appellee is the non-profit corporation formed to serve as the Council of Co-owners for the condominium. Appellants are the owners of two individual units therein.

This action was commenced by appellee to recover assessments and penalties from appellants. A counterclaim was then filed by appellants alleging that appellee was required to repair and maintain their roof and, not having done so, was liable to them for the reasonable cost thereof.

The trial court, sitting without a jury, found for appellee on the counterclaim as well as on its complaint. This appeal from the ruling on the counterclaim followed.

The case was presented to the trial judge on the following stipulated facts:

1) That appellants owned the two properties in the development which were subject to the governing instruments.

2) That appellants have refused to pay past due assessments in the amount of $4,397 and that these are valid and proper and owing to appellee except for any setoff arising from the counterclaim.

3) That penalty charges assessed for late payment total $765 and such amount is proper, correct, due and owing to appellee if and to the extent penalty charges are valid and proper.

4) The stipulation also incorporates copies of four documents:

   a.  The declaration creating the horizontal property regime;

   b.  Articles of Incorporation;

   c.  Bylaws of appellee adopted in 1970; and

   d.  Amended bylaws of 1975.

5) That the 1975 amended bylaws were adopted December 15, 1975 by a 92 to 14 vote of the membership and included a change in maintenance responsibility for a common element, to-wit, the roof, from the corporation to the individual owners; further that the procedures utilized were those proper to amend the bylaws; that no signed document was ever executed by the membership and that the amended bylaws were recorded, and

6) That appellants were in current need of roof repairs which appellee has refused to make and that the cost thereof would be $2,393.

The trial court found that the Declaration of Development did not contain provisions for the maintenance of the common elements and that the co-owners properly proceeded under A.R.S. § 33–561[1] to incorporate, adopt bylaws and amend those bylaws to provide for such maintenance. The court further found that the bylaws amendment was valid and within the law and made each property owner liable for the mainte-

---

1. A. The council of co-owners shall be required to make provisions for maintenance of common elements, limited common elements where applicable, assessment of expenses, payment of losses, division of profits, disposition of hazard insurance proceeds and similar matters and shall be required to adopt bylaws, rules and regulations.

  B. The bylaws, rules and regulations as amended shall be reduced to writing and available to every owner of any interest in the horizontal property regime.

nance of his own roof. Judgment was entered for the total amount of the assessments and penalties and attorney fees. No setoff arising out of the counterclaim was allowed and that is the subject matter of this appeal.

The issues on appeal are:

1) Are the bylaws of the corporate council of co-owners a proper instrument in which to provide for maintenance of the common elements of the condominium?

2) If so, is it necessary that all the co-owners agree to such bylaw provisions?

3) Does a requirement that each individual owner maintain his own roof, a common element, satisfy A.R.S. § 33–561 which requires the council of co-owners to make provisions for maintenance of common elements?

■ A.R.S. § 33–551(6)(b) provides in part that "general common elements" includes ceilings and roofs except as may be specifically otherwise provided for in the recorded declaration. A.R.S. § 33–553(4) provides that the recorded declaration shall contain a description of the common elements. The declaration for this condominium describes the common elements as all of the real property committed to the regime except the individual units. Thus by reason of the statute the roofs are a common element. While the statutes do not require that the declaration speak in any way to maintenance, the declaration does recite that it is adopted, in part, "to provide for the maintenance of the common elements". However, there is no provision in the declaration which fixes any responsibility for this maintenance.

Thus we have no requirement in the statutes that the declaration fix responsibility for the maintenance of the common elements and the declaration is silent on this point. Likewise the articles of incorporation say nothing about such maintenance. As stipulated, the bylaws do fix such responsibility. The original bylaws make appellee responsible for maintenance of all the common elements. The amended bylaws make the individual member liable for maintenance and repair of the roof covering of each apartment owned. Correspondingly, the corporation's maintenance responsibility excludes the roof covering. Article IV(A) of the declaration obligates all owners to pay assessments to meet the expenses of maintaining all common elements. Appellants argue this obligates the appellee to perform such maintenance. We disagree. This provision placed a burden on the individual owners to pay such assessments as are properly levied. It does not obligate the council to do the maintenance. We cannot read into that provision an obligation which is not there. We hold that the bylaws are a proper instrument in which to provide for maintenance of the common elements.

■ On the second issue, whether all the co-owners must agree on a provision for maintenance of a common element, we find nothing in the statute requiring such unanimity. The only statutory requirement for unanimous co-owner agreement pertains to withdrawal of property from the regime. A.R.S. § 33–556. *Makeever v. Lyle*, 125 Ariz. 384, 609 P.2d 1084 (App.1980), the only reported decision interpreting our condominium law, held that a majority of the co-owners of the condominium development could not convert a portion of the general common elements to the exclusive use and control of an individual property owner. Division One of this court recognized that this would permit a taking of the other co-owners' interests in the general common elements. In that case the council of co-owners had voted to permit one individual owner to construct a basement and second story on his apartment, thus taking part of the land and space which was owned by all.

The case sub judice does not involve such a taking; it concerns only the repair and maintenance of one of the general common elements, the roof. Since placing of responsibility for upkeep of this one common element on the individual rather than on the council of co-owners does not amount to such a taking, *Makeever* is not controlling. A.R.S. § 33–561 requires only that the council of co-owners, in this case the appellee,

make provisions for maintenance of the common elements.

In the declaration for this condominium development there are provisions for an Apartment Owner's Association, appellee here, which shall have the responsibility of administering the apartment project and shall establish and collect assessments and arrange for management. The declaration provides that decisions and resolutions shall require approval of a majority of the owners. Appellee's articles of incorporation which were filed prior to the execution of the declaration and are referred to therein provide for the enactment of bylaws by the board of directors governing the use of all common elements as well as for other corporate purposes. They further provide that a majority of the members (co-owners) may change or repeal bylaws.

The declaration provides that it may be amended only by a ¾ vote of members. We find that the various documents in evidence and the statute permit the adoption of bylaws and their amendment including provisions for maintenance of common elements by simple majority vote.

The last issue requires analysis of the meaning of "make provisions for the maintenance", the language found in A.R.S. § 33–561.

■ We believe that either of the bylaws provisions adopted here satisfy the statutory requirement that the appellee "make provisions for the maintenance of the common elements". That our statute does not say that the council of co-owners is responsible for the maintenance of the common elements is important.

We have examined the legislative history of the Arizona condominium statute. It was adopted and became effective March 22, 1962 as an emergency measure. It has not been amended. In 1961 the Congress of the United States enacted Section 234 of Title II of the National Housing Act authorizing the FHA to insure mortgages on condominium apartments where such ownership was recognized under the laws of the state where located. This gave rise to much legislative activity by the states, including Arizona. See 15A Am.Jur.2d Condominiums and Co-operative Apartments, § 7 (1976).

In 1962 the FHA drafted a model statute known as the Apartment Ownership Act but commonly referred to as the "FHA Model Act". An examination of this Act discloses only that the administration of the condominium is to be governed by bylaws of the association which may provide for the maintenance and repair of the common areas. The Act does not contain any provision making the association responsible for this maintenance.

In 1977 the National Conference of Commissioners on Uniform State Laws approved the Uniform Condominium Act. 7 U.L.A. 97. This uniform law contains much different language than the Arizona Statute on the FHA Model Act regarding maintenance of common elements. Section 3–107 states in part:

"Except to the extent provided by the declaration . . ., the association is responsible for maintenance, repair and replacement of the common elements, and each unit owner is responsible for maintenance, repair and replacement of this unit." 7 U.L.A. 176.

A 1980 amendment of this uniform act did not change the wording of this provision. Arizona has not adopted this uniform law or its language.

A. Ferrer & K. Stecher, Law of Condominium, (1967), contains the condominium statutes of 49 states, Puerto Rico, the Virgin Islands and the District of Columbia together with an analysis thereof. Some of these statutes make the equivalent of the council of co-owners responsible for maintenance, as, for example, Florida—"The maintenance of the common elements shall be the responsibility of the association", 1963 Fla.Laws, Chs. 63–65 as amended by 1965 Fla.Laws 65–9 and 65–387. Other statutory language is similar to Arizona's, for example, South Dakota provides that, "The council of co-owners shall be required to make provisions for maintenance of common elements". 1963 S.D.Sess.Laws 1963,

Ch. 293. There is nothing in this analysis of the legislation or the model or uniform act which supports appellants' argument.

Appellants have referred us to *Thiess v. Island House Association, Inc.*, 311 So.2d 142 (Fla.App.1975). The case is easily distinguished. The Florida condominium project included both villas and apartments and the original declaration provided for equal apportionment of maintenance expenses among all the units. Since the villas outnumbered the apartments, when extensive damage occurred necessitating expensive repair, the villas voted to place this burden on the apartment owners. We have no such facts before us. There is no claim here that the amendment placed any disproportionate burden on appellants or that it was unfair or inequitable.

We hold that absent an inequitable result as in *Thiess* the majority of the condominium owners may provide for the maintenance of a common element by the individual owners. As a result appellants were not entitled to recover on their counterclaim.

We affirm.

HATHAWAY, C. J., and HOWARD, J., concur.